353 A.2d 424

**COMMONWEALTH of Pennsylvania**

v.

**Adam S. ANDREWS, Appellant.**

Supreme Court of Pennsylvania.
Argued Nov. 21, 1975.
Decided March 17, 1976.

Rudolph S. Pallastrone, George A. Bachetti, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Adam S. Andrews, was convicted in a non-jury trial of voluntary manslaughter, and sentenced to three to seven years imprisonment for the killing of one Michael Manuel. Post-verdict motions were denied, and this appeal followed.

Appellant stabbed the decedent during the course of a street fight between the two. The stab wound caused death.

 Appellant argues that the prosecution's evidence established that he acted in self-defense, and therefore was insufficient to prove beyond a reasonable doubt that a felonious homicide occurred. We do not agree. We have reviewed the record, accepting as we must the evidence and the reasonable inferences arising therefrom, in the light most favorable to the prosecution, and are satisfied that the evidence was sufficient to prove the appellant's guilt beyond a reasonable doubt. *Commonwealth v. Bederka,* 459 Pa. 653, 331 A.2d 181 (1975); *Commonwealth v. Pitts,* 450 Pa. 359, 301 A.2d 646 (1973); *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971).

So viewed, the evidence established that in the late afternoon of April 2, 1974, appellant and the victim were arguing on the street about money which the victim owed to the appellant. During the argument, appellant pulled out a knife and waved it in the victim's face. The victim left the scene and returned a short time later armed with a baseball bat. Seeing the victim coming toward him with the baseball bat, appellant charged with knife in hand toward the approaching victim. Appellant was restrained by a friend who held appellant's arms until just before the victim swung the baseball bat. At that time the friend released appellant's arms and appellant partially blocked the approaching bat with a radio he had been carrying. The bat, nonetheless, struck appellant in the head.

Appellant's friend, who was also the main prosecution witness, testified as follows about what happened after the victim swung the baseball bat and knocked the radio out of appellant's hand:

"Q. After Michael knocked the radio out of [appellant's] hand, did Michael still have the bat in his hand?

A. Yeah.

Q. Did Michael raise the bat a second time?

A. Yeah, but hesitated.

Q. He raised the bat a second time?

A. Yes.

Q. Over his head?

A. Yes.

Q. Was it at that time that [appellant] went over and grabbed him?

A. No. He dropped the bat—you know—he was getting ready to fist fight.

Q. Who?

A. Michael.

Q. Michael was ready to fist fight?

A. Yes."

This same prosecution witness testified that after first stabbing the victim in the arm, appellant said that he thought he had "missed" the victim, and stabbed him again.

Based on the above facts, the trial court reasoned:

". . . the defendant had a number of alternatives available. Upon observing the [victim] approaching with a swinging bat, he could have retreated since there was nothing which so curtailed his movement as to preclude him from doing so. Also, he could have chosen to defend himself without the use of a deadly force, especially since the [victim] dropped the bat and appeared ready to engage in a fist fight immediately before he was stabbed. In light of the aforementioned, it is the view of this court that there was no reasonable basis for the [appellant] to believe he was in imminent danger of death. . . ."

We agree with the trial court, and conclude that the evidence and the permissible inferences arising therefrom

were sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Wrona*, 442 Pa. 201, 275 A.2d 78 (1971).

Judgment of sentence affirmed.

JONES, C. J., and ROBERTS, J., took no part in the consideration or decision of this case.