405 A.2d 950
**COMMONWEALTH of Pennsylvania**

**v.**

**Bernard B. COLEMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 8, 1979.

Decided June 5, 1979.

Reargument Denied Sept. 5, 1979.

Rudolph S. Pallastrone, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Div., for Com., appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On May 23, 1977, a court sitting without a jury convicted appellant, Bernard Coleman, of voluntary manslaughter and possession of an instrument of crime and acquitted him of conspiracy. After denying post-verdict motions, the trial court sentenced appellant to a term of imprisonment of 18 months to 5 years on the charge of voluntary manslaughter and suspended sentence on the charge of possession of an instrument of crime. We affirm.

Appellant was indicted for the stabbing death of Frank Whiteside. On the afternoon of November 17, 1976, Officer William Smith observed appellant and Whiteside quarreling on the street. About 20 minutes later, Smith returned and saw Whiteside lying semiconscious on the pavement. He had blood on the back of his head and a screwdriver in one hand. Whiteside died later in the hospital of a stab wound in the chest. About two hours later, appellant turned himself in to the police. During questioning, he gave two statements.

In the first statement, appellant said that while he and Whiteside were arguing, Whiteside threatened him with a screwdriver and he defended himself by throwing bricks,

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

striking Whiteside in the head. According to the second statement, when Whiteside threatened appellant with the screwdriver, appellant struck him in the head with the bricks, punched him in the jaw when he fell to his knees, kicked him and stabbed him with a knife. He then fled. This evidence is sufficient to justify the conviction of voluntary manslaughter. See *Commonwealth v. Andrews,* 466 Pa. 418, 353 A.2d 424 (1976) (although victim attacked accused in street fight, evidence was sufficient to prove voluntary manslaughter beyond reasonable doubt over claim of self-defense).

■ Appellant also seeks a new trial on the ground that an inculpatory statement he gave police should have been suppressed because the police did not rewarn him of his constitutional rights after a seven hour delay and the statement was the product of unnecessary delay between arrest and arraignment in violation of Pa.R.Crim.P. 118 (now Rule 130). These issues have not been preserved for appellate review. Appellant did not raise them in post-verdict motions and the post-verdict court did not consider them. We therefore do not reach the merits of these issues. *Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

Judgment of sentence affirmed.