Commonwealth *v.* Gooslin, Appellant.

Submitted January 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*C. Barry Buckley,* for appellant.

*William Butler, 4th,* Assistant District Attorney, and *Norman J. Pine,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, July 2, 1970:

In 1961, following a trial by jury at which he was represented by two court-appointed counsel, appellant George Gooslin was found guilty of murder in the second degree. Following denial of post-trial motions, he was sentenced to ten to twenty years in prison and fined $2,500 plus the cost of prosecution. On appeal, this Court affirmed the judgment of sentence in an opinion by Mr. Chief Justice BELL. *Commonwealth v. Gooslin*, 410 Pa. 285, 189 A. 2d 157 (1963).

In 1968 appellant filed a petition under the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. Counsel was appointed to represent Gooslin, and following an evidentiary hearing and argument the lower court denied relief and dismissed the petition. This appeal followed.

On the second day of appellant's trial there was a severe snowstorm, as a result of which the jury was excused to their homes, and the trial did not resume for approximately a day and a half. Appellant's trial counsel had not requested sequestration of the jury at the beginning of the trial nor did he do so at the time of the recess because of the storm. Appellant contends that the jury should have been sequestered throughout the trial since his was a capital case and that his counsel's failure to secure sequestration was proof that he was denied the assistance of competent counsel and his right to a trial by an impartial jury.

Initially, we note that appellant's present claim as to the incompetency of his trial counsel is clearly refuted by the transcript of his PCHA hearing from which the following is an excerpt: "Gooslin: I was not deprived of competent counsel. The Court: You think Mr. Stively [appellant's trial counsel] . . . Gooslin: I will say Mr. Stively is good, if not better than possibly 99 per cent. . . . The Court: And you are saying now

that he was competent, and you are satisfied that you did have competent representation. Gooslin: I will say anytime I will accept him any time, for my lawyer. . . . District Attorney: And you now say that you have no qualms about having had Mr. Stively as your attorney? . . . You don't question his competency in any way? Gooslin: No, sir."

Moreover, there is no objective basis to appellant's claim of incompetent counsel. It is clear that appellant was not entitled to have the jury sequestered. Prior to the adoption of Pennsylvania Rule of Criminal Procedure 1111 in 1968,[1] it was the general rule in this Commonwealth that the jury in a capital case, once sworn, was not to separate until their discharge. *Commonwealth v. Gockley,* 411 Pa. 437, 457, 192 A. 2d 693 (1963). That rule was not without exceptions, but it is enough to note that it was inapplicable in appellant's case. Although the bill of indictment charged appellant with murder generally, the trial court submitted the case to the jury on a charge limited to second degree murder; that is the offense of which appellant was convicted. Second degree murder is not a capital offense. See *Commonwealth v. Baker,* 413 Pa. 105, 110, 196 A. 2d 382 (1964); *Commonwealth ex rel. Alberti v. Boyle,* 412 Pa. 398, 195 A. 2d 97 (1963); and *Commonwealth v. Tenbroeck,* 265 Pa. 251, 256, 108 Atl. 635 (1919). Accordingly under these circumstances, the failure of appellant's counsel to seek sequestration did not deprive appellant of any right to which he was entitled.

------

[1] Rule 1111 dictates that "[i]n all cases in which a capital crime is charged, every trial juror . . . shall be sequestered from the time he is accepted as a juror until the jury renders a verdict or is discharged by the trial judge." Rule 1111 further provides that sequestration may be ordered by the trial court in all noncapital cases "if the circumstances require."

Finally, it may be noted that there is no allegation that counsel's failure to appeal to the court's discretionary power to grant sequestration prejudiced appellant in any way. There is no suggestion that this case was the subject of unusual or prejudicial publicity which might have reached the jurors at their homes nor is there evidence that the jurors might have been subject to extraneous influences or pressures. Thus, there was no apparent circumstance which dictated the need to sequester the jury to insure its impartiality. Moreover, appellant's counsel testified at the PCHA hearing that he and his co-counsel had determined that a recess might benefit appellant by lessening the importance of the charges in the jurors' minds and that sequestration of the jury, particularly throughout a recess of uncertain duration such as snowstorm involved, would not have been in appellant's best interests.

The lower court's dismissal of appellant's petition followed a thorough, well-considered opinion. We find no error in its determination that appellant was denied neither competent counsel nor trial by an impartial jury.

Order affirmed.