410 A.2d 847

**COMMONWEALTH of Pennsylvania**

v.

**Robert McKEE, Appellant.**

Superior Court of Pennsylvania.

Submitted July 16, 1979.

Filed Sept. 21, 1979.

William T. Cannon, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

MONTGOMERY, Judge:

On October 24, 1977, appellant was adjudged guilty, in a trial without a jury, of voluntary manslaughter and possession of an instrument of crime. Following the denial of post verdict motions, appellant was sentenced to not less than five nor more than ten years imprisonment on the voluntary manslaughter charge, and five years consecutive probation on the weapons conviction. On appeal, he alleges that the evidence was insufficient to sustain his conviction; and that the suppression court erred when it failed to suppress a statement given to the police by the appellant on the night of his arrest.

The incident involved in this appeal was a stabbing which occurred on April 26, 1977, at 1:15 a. m., outside Eddie's and Mickey's Bar in Philadelphia. The evidence established that

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas, Montgomery County, Pennsylvania, are sitting by designation.

appellant had arrived at the bar earlier in the evening and ordered a drink. Decedent, Wilbur Adams, whom appellant did not know, was sitting directly across the bar from him, and Adams proceeded to direct a tirade of unprovoked verbal abuse at appellant. Following some further verbal and slight physical altercations between the two men, the bartender, Mr. Mears, requested that appellant leave the bar, and appellant complied with this request. However, he returned a few minutes later, and he and Adams again exchanged words. Appellant then requested and received a glass of water from the bartender and left the bar. Within minutes, Adams also left followed by one Freddie Montfort who testified that he saw appellant and Adams talking in a dimly lighted alley near the bar. Mr. Montfort returned to the bar, and approximately four to six minutes later, Adams staggered in, holding his chest, and stated that he had been stabbed. At the hospital, when asked by police who stabbed him, the deceased replied, "A friend." No evidence of friendship was ever discovered between Adams and appellant. A few evenings after Adams' death, appellant returned to the bar. The bartender testified that appellant told him "Some people say I shouldn't come back to this vicinity after what happened to the other fellow, but I might have to hurt somebody else if anybody fucks with me." Mears, then managed to call police. Upon seeing the officers arrive, appellant dropped a knife behind a radiator in the bar. At police headquarters, appellant gave officers a false address, and a false statement wherein he denied being anywhere near the bar on the night of the stabbing.

Appellant initially argues that the evidence at trial was insufficient to sustain his conviction for voluntary manslaughter. The test for sufficiency is whether the evidence, instantly viewed in the light most favorable to the Commonwealth as verdict winner, and drawing all inferences therefrom, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Smallwood*, 465 Pa. 392, 350 A.2d 822 (1976). This burden may be sustained by circumstantial evidence alone. *Commonwealth v. Courts*, 468 Pa. 613, 364 A.2d 684 (1976).

■ Upon a review of the record, we find the evidence produced by the Commonwealth at trial sufficient to sustain its burden. The combination of evidence established that there was an argument between appellant and the decedent on the night of the stabbing. The decedent followed appellant out of the bar and they were thereafter seen talking nearby. Minutes later, the decedent returned to the bar with a gash in his chest saying "He stabbed me." Three days later, appellant returned to the bar and made an inculpatory statement to the bartender. Moreover, the attempted concealment of the knife and the giving of false information to police permits the drawing of an inference of guilt. *Commonwealth v. Glass*, 486 Pa. 334, 405 A.2d 1236 (1979); and *Commonwealth v. Bolish*, 381 Pa. 500, 113 A.2d 464 (1955).

■ Appellant testified on his own behalf, and advanced numerous explanations with respect to his actions and statements on both the night of the stabbing and the night of his arrest. However, a determination of credibility is within the province of the trier of fact, and the trial judge resolved this issue in favor of the Commonwealth. We find no abuse of his discretion.

■ Appellant further argues that his false statement to police was not voluntarily made in that he was intoxicated at the time it was given. During the suppression hearing, four police officers testified as to appellant's condition both at the time of arrest and during interrogation. Thereafter the suppression court found that though appellant had consumed some quantity of alcohol at the time he gave his statement, he was not in such a state of intoxication as to render the statement involuntary. We affirm this finding based on the testimony at the suppression hearing, and on the authority of *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976); *Commonwealth v. Goodwin*, 460 Pa. 516, 333 A.2d 892 (1975); and *Commonwealth v. Smith*, 447 Pa.

457, 291 A.2d 103 (1972).   This statement was properly introduced at trial for impeachment purposes.

The judgment of sentence is affirmed.