416 A.2d 506

**COMMONWEALTH of Pennsylvania**

**v.**

**Monica Ann BURNS, Appellant.**

Supreme Court of Pennsylvania.

Argued April 17, 1980.

Decided July 3, 1980.

Benjamin Paul, Philadelphia, for appellant.

Robert B. Lawler, Asst. Dist. Atty., Chief, Appeals Division, Lise Rapaport, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Monica Ann Burns, was convicted, following a bench trial in the Court of Common Pleas of Philadelphia, Criminal Trial Division, of voluntary manslaughter. Post-verdict motions were filed, argued and denied. On August 1, 1978, judgment was imposed sentencing appellant to a term of imprisonment of not less than two nor more than ten years. Hence this appeal.

The sole question presented for our resolution is one which assails the sufficiency of the evidence adduced at trial; particularly appellant argues the evidence made out a good self-defense claim. The facts are as follows.

The victim, Albert Waters, lived in Philadelphia at the residence of one Fortson family. The victim knew and disliked appellant, his dislike prompted by the fact that appellant was involved in a love affair with the Fortson family daughter, Cynthia Fortson.

On December 25, 1977, appellant and Cynthia Fortson were walking together in search of an open store. The victim and Cynthia's mother were seated in an automobile watching the girls as they crossed the street. The victim started the automobile, drove towards the girls, and veered towards them narrowly missing appellant. The vehicle stopped and Mrs. Fortson told Cynthia to get in the car.

Some time thereafter, appellant appeared before the Fortson home in the presence of her brother and two sisters. A confrontation ensued between appellant and the victim in which appellant punched Waters in the face. Waters went inside the house and in his absence Mrs. Fortson attempted to chase appellant away; appellant refused to leave and was still on the sidewalk when Waters reappeared, baseball bat in hand. Rather than leaving the scene, which the record indicates she was at all times free to do, appellant confronted the victim again, taunting him. Waters swung the baseball bat at appellant, who warded off the blow, and the bat fell to the ground. Appellant then fatally stabbed Albert Waters in his chest.

In reviewing the sufficiency of the evidence to support a conviction, we must view that evidence in the light most favorable to the verdict winner, here the Commonwealth; all reasonable inferences which may be drawn from the evidence must be drawn favorably to the verdict winner as well. *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979). Where an accused raises a defense of self-defense, the burden of the prosecution is to prove beyond a reasonable doubt the killing was not done in self-defense. *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977). The Commonwealth sustains its burden if it proves any of the following: that the slayer was not free from fault in provoking or continuing the difficulty which resulted in the slaying; that the slayer did not reasonably believe that she was in imminent danger of death or great bodily harm, and that it was necessary to kill in order to save herself therefrom; or that the slayer violated a duty to retreat or avoid the danger. *Black, id.*, 474 Pa. at 53, 376 A.2d at 627.

Instantly the issue of self-defense was properly before the trier of fact, who resolved it adversely to appellant. Our review of the record convinces us such a resolution was proper and was manifestly supported by sufficient evidence. Accordingly, appellant's claim is without merit.

Judgment of sentence affirmed.