424 A.2d 1296

COMMONWEALTH of Pennsylvania, Appellee,

v.

Charles "Lamont" WHITE, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 3, 1980.

Decided Feb. 4, 1981.

490

John H. Corbett, Jr., Paulette J. Balogh, Asst. Public Defenders, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Kathryn L. Simpson, Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On October 18, 1979, in the Court of Common Pleas of Allegheny County, appellant, Charles "Lamont" White, was convicted by a jury of voluntary manslaughter. A sentence of four to ten years imprisonment was imposed. Post-trial motions were denied, and the instant direct appeal ensued.

In the early morning hours of August 21, 1978, appellant was patronizing the bar of an after-hours club in Pittsburgh when he became involved in an argument with Anthony Brooks regarding the conduct of a dice game held earlier in which appellant lost a sum of money, as a consequence, he

contended, of being cheated by Brooks. Appellant threatened Brooks with a gun, whereupon the former was disarmed by the club's manager who gave the gun to one of appellant's friends, who in turn placed it in appellant's car. Later, the argument flared anew outside the club and a fist fight ensued in which appellant was overpowered. Appellant then proceeded to his car, retrieved his gun, and fatally wounded Brooks.

Voluntary manslaughter is a killing committed without malice, in the heat of passion or under the unreasonable belief that it was justified. *Commonwealth v. Cain*, 484 Pa. 240, 398 A.2d 1359 (1979). The Commonwealth, to procure a verdict of voluntary manslaughter, has the burden of proving beyond a reasonable doubt that a homicide was not a justifiable act of self-defense. *Commonwealth v. Walley*, 466 Pa. 363, 353 A.2d 396 (1976). To avail oneself of deadly force for self-protection, (1) the actor must reasonably believe that he is in imminent danger of death or serious bodily harm, and that it is necessary to use deadly force against the victim to prevent such harm, (2) the actor must be free from fault in provoking or continuing the difficulty which culminated in the slaying, and (3) the actor must not violate a duty to retreat. *Commonwealth v. C. Brown*, 491 Pa. 507, 421 A.2d 660 (1980). Appellant contends the Commonwealth's evidence was insufficient to negate self-defense.

Regarding the issue of whether appellant reasonably believed himself to be in imminent danger of death or serious bodily harm, the Commonwealth produced pathological testimony that Brooks' hands suffered no bruises during the altercation. Hence, the jury may have inferred that Brooks was not severely beaten by appellant. Furthermore, several witnesses testified that Brooks was not armed, and none deemed it advisable to summon police during the conflict. Such evidence may have induced the jury to conclude that if appellant feared death or serious bodily injury, the fear was not reasonably founded.

Appellant testified that after he noticed Brooks in the bar, but before any words were exchanged therein, he (appellant) obtained a gun from a friend, and that such action was motivated by apprehension of further trouble, due to threats made by Brooks during the earlier confrontation. An eyewitness testified that while Brooks and the appellant were fighting on the ground outside the club, Brooks was on top of appellant. After Brooks allowed appellant to rise, the latter retrieved his gun from the car, approached Brooks, and fired the fatal shot. Based on this testimony, the jury could have concluded that appellant provoked the difficulty which culminated in the slaying, or that appellant could safely have retreated.

In reviewing a sufficiency of the evidence claim, we must decide whether, accepting as true all evidence, together with all reasonable inferences therefrom, upon which the jury could properly have based its verdict, the evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. The jury is free to accept all, part, or none of the testimony of any witness and it is within the province of the jury to determine the relative weight to be accorded the testimony. *Commonwealth v. Rose*, 463 Pa. 264, 344 A.2d 824 (1975). Although the evidence against appellant was not uncontradicted, the jury weighed the testimony and this Court will not disturb its verdict: the Commonwealth's evidence was amply sufficient to support a verdict of voluntary manslaughter while disproving, beyond reasonable doubt, appellant's claim of self-defense.

Appellant also argues that the trial court's instructions to the jury contained an example of criminal negligence which was overly restrictive and prejudicial. The trial court carefully instructed the jury on the law applicable to the crimes charged in the information. In its charge on involuntary manslaughter, the court gave an example of criminal negligence involving the use of an automobile. After deliberations commenced, the jury submitted three written questions to the court, one of which read, "We need other examples besides the car example regarding voluntary and involun-

tary manslaughter. We are having problems relating the car to a gun." The court responded as follows:

> Well, as I understand that, you are seeking an example of what is a grossly negligent or reckless act, one of the elements of the crime of involuntary manslaughter, because as I recall that's the only instance where I used the example that was used in the case concerning the operation of a vehicle. So, I would ask you now, since you asked for an example—and of course this is an example which does not have immediate application to this case in that it's a different factual situation that I have envisoned as an example, but it is an example of a grossly negligent or reckless act, an element of the crime of involuntary manslaughter, which is an unintentional killing resulting from the doing of a reckless or grossly negligent act—the example is as follows: suppose that you possessed a weapon, a gun, which had a hair trigger or what we'll call a quick trigger, one that would discharge on very light force. Further suppose that you had this weapon in your possession fully loaded and that you were fully aware of this hair trigger or quick trigger, and further suppose that you were with a group of friends who, among other things, were not aware, as you were, of the gun's quick trigger, and further suppose that you were showing to your friends your skill as it were, exhibiting your skill by throwing the weapon a few feet in the air and then catching it in mid air—if you can imagine that—and further suppose that after several successful efforts you dropped it, you missed it and it hit the ground and the weapon discharged and killed one of the friends who was looking on, whom you had invited to witness your exhibition of skill. This in my opinion could be classed as an example of a reckless or grossly negligent act which caused the death of another, but where there was absent any intention on the part of the actor to cause the death.

Defense counsel objected on grounds that, although voluntary and involuntary manslaughter could certainly be defined for the jury, offering examples was highly prejudicial. We disagree.

■ When a jury submits a question to the court indicating a need to have a matter clarified, the court may properly respond thereto. The example contained in the supplemental instructions offered a clear picture of criminal negligence; it was neither too narrow to preclude a verdict of involuntary manslaughter nor a misstatement of the law. The trial court prefaced the example by cautioning the jury that the illustration was based on facts different from those of the instant case, and that the example was merely an aid to the understanding of criminal negligence. Appellant was not prejudiced by the instruction.

Judgment of sentence affirmed.