434 A.2d 781

**COMMONWEALTH of Pennsylvania.**

v.

**Michael D. GILLESPIE, Appellant.**

Superior Court of Pennsylvania.

Submitted May 26, 1981.

Filed Sept. 4, 1981.

Petition for Allowance of Appeal Denied Dec. 4, 1981.

338

Daniel McGee, Public Defender, Bellefonte, for appellant.

Ray F. Gricar, Assistant District Attorney, Bellefonte, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and WIEAND, JJ.

WIEAND, Judge:

Michael David Gillespie was tried by a jury which found him guilty of voluntary manslaughter in a death growing out of a street altercation in Bellefonte, Centre County. On appeal, following denial of post trial motions, Gillespie argues that the evidence was insufficient to prove that the killing was not in self-defense, or at least that the verdict was contrary to the weight of evidence showing that the killing was in self-defense. He also contends that it was error for the trial court to refuse to sequester jurors and that a sentence of imprisonment for not less than five or

more than ten years was manifestly excessive. We find no merit in appellant's contentions; and, therefore, we affirm the judgment of sentence.

Following completion of a baseball game on the evening of June 19, 1980, appellant and two friends were driving around downtown Bellefonte where they became involved in a verbal argument with Donald Summers, who was seated on the steps of a building, shouting at those who passed in their automobiles. The vehicle was stopped, and appellant and his companions exited the vehicle and approached Summers. Although angry words were exchanged, the arrival of a police officer terminated the confrontation.

Appellant and his friends re-entered their vehicle and drove to the outskirts of Bellefonte, where they drank beer and talked to friends. When they subsequently returned to the downtown area, they stopped to speak with Fred Hockenberry, who had been an observer of their earlier confrontation with Summers. Meanwhile, the driver of the vehicle, David Johnstonbaugh, got out of the vehicle and walked to the rear of the building which housed the Wooden Apple Bar. Upon his return, Johnstonbaugh encountered Summers, who lived in a neighboring building and who attempted to block Johnstonbaugh's passage. A fight erupted in which fists were thrown by both men. Johnstonbaugh eluded Summers, however, and returned to the car where appellant was seated.

When appellant recognized Summers as the person involved in the earlier confrontation, he got out of the car and sat on the hood. As Summers approached, appellant came off the hood of the car, removed his belt and wrapped it around his hand. Summers, whose hands had been behind his back, now produced a paring knife. In the ensuing struggle, appellant was cut on the wrist and had his belt taken from him by Summers. A temporary lull occurred when appellant managed to push Summers away and make his way back to the car. When appellant reached the car door, however, he was told by onlookers that Summers was directly behind him. He picked up a baseball bat, which his companions had placed against the side of the car moments

earlier, and told Summers to get back. Instead, Summers struck out with the knife, scratching appellant across the midsection. Appellant then swung the bat twice, in the same manner as a batter would swing at a thrown ball, hitting Summers both times on the head with heavy and severe blows. Summers was dazed by the first blow and fell unconscious to the sidewalk after the second. Appellant then kicked Summers in the head, shouting that Summers would never stab him again. Summers, although taken to a hospital, never regained consciousness. He died five days later.

In determining whether the evidence was sufficient to sustain a verdict of guilty of voluntary manslaughter, as opposed to a finding that the killing was in self-defense, we must view the evidence in the light most favorable to the Commonwealth, as verdict winner, and draw all reasonable inferences therefrom. *Commonwealth v. Fisher*, 491 Pa. 231, 420 A.2d 427 (1980); *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979); *Commonwealth v. McKee*, 269 Pa.Super. 568, 410 A.2d 847 (1979). Where, as here, there was evidence of self-defense, the burden was on the Commonwealth to prove beyond a reasonable doubt that the killing was not committed in self-defense. *Commonwealth v. Burns*, 490 Pa. 352, 416 A.2d 506 (1980); *Commonwealth v. Helm*, 485 Pa. 315, 402 A.2d 500 (1979). That burden could be met by evidence showing that appellant was not free from fault in provoking or continuing the confrontation; or by showing that appellant did not reasonably believe it necessary to kill in order to protect himself against death or serious bodily injury; or by showing that appellant used greater force than reasonably appeared necessary to save himself; or by showing that appellant had a duty to retreat or avoid the danger presented by the deceased. *Commonwealth v. Watson*, 495 Pa. 467, 431 A.2d 949 (1981); *Commonwealth v. Fisher*, supra; *Commonwealth v. Burns*, supra.

In the instant case, the evidence was sufficient to permit a finding that appellant was not without fault in provoking his confrontation with the decedent. Indeed, the jury could have found that as between Summers and appel-

lant, it was appellant who was the aggressor. Similarly, the evidence demonstrated opportunities in which appellant could have retreated safely. This was not a situation where events occurred within a home or an enclosed area. Cf. *Commonwealth v. Helm*, supra; *Commonwealth v. Eberle*, 474 Pa. 548, 379 A.2d 90 (1977); *Commonwealth v. Jackson*, 467 Pa. 183, 355 A.2d 572 (1976). Rather, the fight occurred on a public sidewalk, with several avenues of retreat available. Cf. *Commonwealth v. Walley*, 466 Pa. 363, 353 A.2d 396 (1976); *Commonwealth v. Commander*, 436 Pa. 532, 260 A.2d 773 (1970); *Commonwealth v. Lawrence*, 428 Pa. 188, 236 A.2d 768 (1968). Finally, a jury could have found that appellant used more force than was reasonably necessary to protect himself from death or serious bodily injury. Witnesses testified that the decedent had been stunned by the first blow to his head, which shattered his glasses and buckled his knees. Nevertheless, appellant hit him again on the head with the baseball bat, and, after he had fallen, appellant kicked the prostrate Summers in the head. We conclude, therefore, that the evidence was sufficient to support the jury's finding that appellant was guilty of voluntary manslaughter. See: *Commonwealth v. Andrews*, 466 Pa. 418, 353 A.2d 424 (1976).

If the evidence was sufficient to preclude an arrest of judgment, appellant argues, the verdict was nevertheless contrary to the weight of the evidence which showed a killing in self-defense. The grant or refusal of a new trial on the grounds that the verdict was or was not against the weight of the evidence is generally committed to the sound discretion of the trial court. *Commonwealth v. Zapata*, 447 Pa. 322, 327, 290 A.2d 114, 117 (1972); *Commonwealth v. Larew*, 289 Pa.Super. 34, 432 A.2d 1037 (1981); *Commonwealth v. Reidenbaugh*, 266 Pa.Super. 315, 404 A.2d 697 (1978); *Commonwealth v. James*, 197 Pa.Super. 110, 177 A.2d 11 (1962). If the findings of the jury are supported on the record, the trial court's denial of a motion for new trial will generally not be disturbed. *Commonwealth v. Larew*, supra; *Commonwealth v. Yohn*, 271 Pa.Super. 537, 414 A.2d 383 (1979); *Commonwealth v. Hayes*, 205 Pa.Super. 338, 209

A.2d 38 (1965). Our review of the record is persuasive that the trial court properly denied appellant's motion for new trial based on the weight of the evidence.

■ A motion to sequester jurors during trial is governed by Pa.R.Crim.P. 1111(a), which states:

"The trial judge may, in his discretion, order sequestration of trial jurors in the interests of justice."

See also: *Commonwealth v. Bruno*, 466 Pa. 245, 352 A.2d 40 (1976). As a general rule, the trial court which denies a request for sequestration will not be deemed to have abused its discretion where the case was not the subject of unusual or prejudicial publicity and the jurors were not shown to be subject to extraneous influences of pressures. *Commonwealth v. Jackson*, 481 Pa. 426, 392 A.2d 1366 (1978); *Commonwealth v. Gooslin*, 439 Pa. 170, 266 A.2d 655 (1970); *Commonwealth v. Williams*, 270 Pa.Super. 27, 410 A.2d 880 (1979).

■ In the instant case, the media's coverage of the killing, as well as the trial, was factual and non-hysterical; publicity did not exceed that which might normally be anticipated in a capital case. *Commonwealth v. Jackson*, supra. Cf. *Commonwealth v. Reeves*, 255 Pa.Super. 409, 387 A.2d 877 (1978). Moreover, the jurors were carefully admonished not to listen to or read media coverage of the trial and were warned not to discuss the case with persons outside the courtroom. See: *Commonwealth v. Allessie*, 267 Pa.Super. 334, 406 A.2d 1068 (1979); *Commonwealth v. Tolassi*, 258 Pa.Super. 194, 392 A.2d 750 (1978). There was no abuse of discretion by the trial court and no prejudice to appellant by virtue of the court's failure to sequester the members of the jury during trial.

■ Finally, appellant argues that a sentence of imprisonment for not less than five nor more than ten years was manifestly excessive for voluntary manslaughter in view of the peculiar circumstances of this case. It is well settled, however, that sentencing is vested in the sound discretion of the trial judge. The sentence imposed, of course, must be within the statutory limits, see 18 Pa.C.S. §§ 1101–1105, and

344

should impose confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. See 18 Pa.C.S. § 1321(b); *Commonwealth v. Andrews*, 282 Pa.Super. 115, 422 A.2d 855 (1980). However, absent an abuse of discretion, a sentence will not be disturbed on appeal. *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 422 A.2d 894 (1980); *Commonwealth v. Lee*, 278 Pa.Super. 609, 420 A.2d 708 (1980); *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979).

In the instant case, the trial judge had the benefit of a thorough presentence report. The record reveals that he considered appellant's character and the particular circumstances of the offense. *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Andrews*, supra. Moreover, his reasons for the sentence imposed were adequately stated on the record. See: *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). Therefore, we are unable to conclude, as appellant would have us do, that the sentence, even though admittedly harsh, was manifestly excessive or that there was an abuse of the trial judge's discretion.

The judgment of sentence is affirmed.