COMMONWEALTH of Pennsylvania,
Appellee,

v.

**Ikiem R. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1998.

Filed April 20, 1998.

---

Douglas N. Stern, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before HUDOCK, STEVENS and OLSZEWSKI, JJ.

STEVENS, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following Appellant's conviction for voluntary manslaughter[1] and possession of an instrument of crime.[2] Appellant Ikiem Smith contends that the evidence presented at trial was insufficient to support his conviction for voluntary manslaughter.[3] We affirm.

When reviewing a sufficiency of the evidence claim, this Court must view the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to the Commonwealth as verdict winner, and we must determine if the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Rios*, 546 Pa. 271, 279, 684 A.2d 1025, 1028 (1996). This Court may not substitute its judgment for that of the factfinder. *Commonwealth v. Mudrick*, 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986). If the record contains support for the verdict, it may not be disturbed. *Id.* Where, as here, there is a claim of self-defense, the burden is on the Commonwealth to prove beyond a reasonable doubt that the killing was not committed in self-defense. *See Commonwealth v. Burns*, 490 Pa. 352, 416 A.2d 506 (1980).

Using these standards, the record reveals the following: Appellant and the victim were operating a crack house in the City of Philadelphia on May 13, 1996. The victim was responsible for admitting people into the home for the purpose of purchasing drugs. Sometime during the early morning hours of the day in question, two men and one woman attempted to enter the home, and after some discussion the victim allowed the three individuals into an enclosed porch which was attached to the home. After the three entered the porch, the two males pulled out knives in an apparent attempt to commit a robbery. Appellant, who was in a room adjacent to the enclosed porch, saw the ensuing incident through hanging sheets which separated the two rooms and Appellant pointed his .32 caliber handgun into the room, and fired it, hitting one of the assailants. Appellant then fired the hand gun seven more times, hitting the victim three to four times and killing him.[4]

Appellant was subsequently arrested and charged with various offenses in connection with the shooting. At trial, Appellant claimed that he saw one of the assailants with an object that he believed was a gun. However, the evidence revealed that a gun was never recovered from any of the assailants.

At the conclusion of trial, the Honorable James J. Fitzgerald, III, found Appellant guilty of voluntary manslaughter and posses-

---

1. 18 Pa.C.S.A. § 2503.

2. 18 Pa.C.S.A. § 907.

3. In his Statement of Questions Presented, Appellant claimed that the evidence was insufficient to sustain his conviction for possession of an instrument of crime. However, he failed to develop this claim and failed to cite any authority supporting it. As such, we find this claim to be waived.

4. Testimony was taken from Carolyn Revercomb, M.D., an assistant medical examiner. Dr. Rivercomb testified that the victim's injuries resulted from three to four gunshot wounds. Importantly, no wounds were consistent with that of a knife.

sion of an instrument of crime. This appeal followed.

On appeal, Appellant claims that shooting the victim was the result of self defense, that he was defending the victim, and that the shooting was unintentional and justifiable, under the circumstances. Accordingly, he claims that the court erred in negating his self defense claim and finding him guilty.

 In order to procure a verdict of voluntary manslaughter, the Commonwealth has the burden of proving beyond a reasonable doubt that the homicide was not a justifiable act of self-defense. *Commonwealth v. White*, 492 Pa. 489, 424 A.2d 1296 (1981). A killing which occurs because of a mistaken belief that facts of justification exist will constitute voluntary manslaughter.[5] *Commonwealth v. Mehmeti*, 501 Pa. 589, 597, 462 A.2d 657, 661 (1983). 18 Pa.C.S. § 2503(b) provides:

> "**(b) Unreasonable belief killing justifiable.** A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing (under Chapter 5 of this title relating to justification) but his belief is unreasonable."

The Commonwealth can meet its burden of negating the defendant's self defense claim by proving that the defendant used greater force than appeared to be necessary. *See Commonwealth v. Gillespie*, 290 Pa.Super. 336, 434 A.2d 781 (1981).

This Court has recently held that an actor must conduct himself in a reasonable and prudent manner when using force in self-defense.[6] *See Commonwealth v. Fowlin*, 450 Pa.Super. 489, 676 A.2d 665 (1996), *alloc. granted*, 546 Pa. 676, 686 A.2d 1308 (1997). In *Fowlin, supra*, this Court, *en banc*, agreed with the proposition that "where an actor is justified in using force upon or toward another person, but recklessly or negligently injures or kills an innocent person(s), the justification afforded the actor by [18 Pa.C.S.A.] § 505, (relating to self defense), is unavailable, in a prosecution based upon reckless or negligent conduct towards the innocent person(s)."[7] *Fowlin*, 676 A.2d at 671.

The analysis used in *Fowlin, supra*, to determine whether a person is permitted to use force in self defense, is identical to the analysis used when an individual acts in defense of another under 18 Pa.C.S.A § 506. Section 506(a)(1) explicitly states that,

> "[T]he use of force upon or toward the person of another is justifiable to protect a third person when: (1) the actor would be justified under section 505 of this title (relating to the use of force in self protection) in using such force to protect himself against the injury he believes to be threatened to protect."

The same standard in regard to the amount of force should apply regardless of whether the actor is defending himself or another.

 We find that the evidence in this case was sufficient to show that Appellant's actions were excessive, reckless, and negligent.[8] Appellant fired eight shots into a

---

**5.** 18 Pa.C.S.A. § 2503(a) provides:

> (a) General Rule—A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:
> (1) the individual killed; or
> (2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

**6.** 18 Pa.C.S.A. § 505(b)(3) sets down the limitation on the justifying necessity for the use of force in self defense stating:

> (b)(3) Except as required by paragraphs (1) and (2) of this subsection, a person employing

protective force may estimate the necessity thereof under the circumstances as he believes them to be when force is used, without retreating, surrendering possession, doing any other act which he has no legal duty to do or abstaining from any individual action.

**7.** This court, *en banc*, in *Fowlin, supra*, affirmed the decision of the trial court with four judges joining the majority decision and three dissenting while agreeing with the rationale of the majority.

**8.** The Model Penal Code § 3.09 relating to reckless or negligent injury to innocent persons defines reckless conduct as an action which would create a substantial or unjustifiable risk to innocent persons.

crowded room without first assessing the situation. Evidence indicates that the first shot hit and disabled one of the assailants. However, Appellant did not stop shooting. Instead, Appellant continued to fire seven shots into the room, hitting the victim three to four times. Appellant then fled the house without getting help for either of the individuals who were shot. Appellant's claim that one of the assailants was brandishing a gun was not supported by the record. As such, we find that there was sufficient evidence to rebut a claim of self defense or defense of another and that the evidence was sufficient to support a conviction for voluntary manslaughter.

Affirmed.

Concurring and dissenting opinion by OLSZEWSKI, J.

OLSZEWSKI, Judge, concurring and dissenting:

I concur with the majority. As noted, the Commonwealth can negate a self-defense claim by proving defendant used greater force than was reasonably necessary to protect against death or serious bodily injury. *See Commonwealth v. Gillespie,* 290 Pa.Super. 336, 434 A.2d 781, 784 (1981). The evidence in this case is sufficient to support the finding appellant used unreasonable force, rendering the claim of self-defense unavailable. Therefore, I believe it is unnecessary to extend the *Fowlin* doctrine to this situation at this time. Accordingly, while I join in the majority's disposition, I do not join in its application of *Commonwealth v. Fowlin,* 450 Pa.Super. 489, 676 A.2d 665, *alloc. granted,* 546 Pa. 676, 686 A.2d 1308 (1996).