J-S55009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES E. SATTERTHWAITE, | |
| Appellant | No. 1943 EDA 2013 |

Appeal from the Judgment of Sentence May 31, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0704341-2003

BEFORE:  BOWES, SHOGAN, and OTT, JJ.

MEMORANDUM BY BOWES, J.:  **FILED SEPTEMBER 15, 2014**

James E. Satterthwaite appeals from the judgment of sentence of eighteen to thirty-six years incarceration after the court found him guilty of third-degree murder and carrying a firearm on a public street.  We affirm.

Appellant shot and killed Norman Vincent Simon on March 24, 2002, at approximately 2:00 a.m. Police arrested Appellant four days later and charged him with murder, conspiracy, carrying firearms without a license, carrying a firearm on a public street in Philadelphia, and possession of an instrument of crime.  Appellant proceeded to a jury trial.  The jury found Appellant guilty of third-degree murder and carrying a firearm on a public street in Philadelphia.  The court sentenced Appellant to eighteen to thirty-six years incarceration on the third-degree murder charge and a concurrent nine months to eighteen months incarceration for the firearms violation.

Appellant appealed and this Court affirmed. *Commonwealth v. Satterthwaite*, 883 A.2d 694 (Pa.Super. 2005) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal on December 28, 2005. *Commonwealth v. Satterthwaite*, 892 A.2d 823 (Pa. 2005).

Subsequently, Appellant filed a timely PCRA petition alleging that trial counsel was ineffective for declining the trial court's offer to provide a specific jury instruction as to bias regarding the Commonwealth's key eyewitness. The PCRA court awarded Appellant a new trial, and the Commonwealth appealed. A panel of this Court affirmed the grant of a new trial, *Commonwealth v. Satterthwaite*, 15 A.3d 519 (Pa.Super. 2010) (unpublished memorandum), and our Supreme Court denied allowance of appeal. *Commonwealth v. Satterthwaite* 24 A.3d 864 (Pa. 2011). Accordingly, Appellant proceeded to a new trial.

Appellant waived his right to a jury trial. At Appellant's second trial, Willie May Tramel testified that she observed the victim, Appellant, and another individual she knew as Roman at an afterhours club. Ms. Tramel indicated that the victim appeared angry with Appellant regarding a dispute over the victim's car. The men exited the club and entered a parked car. Ms. Tramel witnessed the men in the vehicle with Appellant in the driver's seat, Roman in the front passenger seat, and the victim in the back. As she was walking toward another speakeasy to purchase drugs, she heard four or

five shots. According to Ms. Tramel, she saw the victim fall out of the car. The victim was bleeding and unresponsive. Several days after the shooting, Ms. Tramel provided police with a statement and identified photographs of the victim, Roman, and Appellant.

Noel Towles also testified. Mr. Towles was incarcerated and had testified at Appellant's first trial that he saw Appellant shoot the victim. However, he maintained at the second trial that police forced him to provide that statement by threatening to arrest him. Mr. Towles had also indicated that the victim and Appellant were arguing over drugs and the use of the victim's car. Specifically, the victim had allowed Appellant to use his vehicle in exchange for drugs and money. The Commonwealth introduced Mr. Towles prior testimony that Appellant had shot the victim.

Another witness, Lesa Ellis, who also was a drug user at the time of the incident, testified that she saw Appellant, the victim, and Roman inside a car on the day in question. She continued that, shortly after seeing the individuals, she heard gunfire while on the phone with her sister. When she went outside, she saw the victim lying on the ground and both Appellant and Roman were gone.

The court found Appellant guilty of third-degree murder and carrying a firearm on a public street in Philadelphia. Thereafter, it sentenced Appellant to eighteen to thirty-six years incarceration for the murder charge and a concurrent term of two and one-half to five years imprisonment on the

firearm count. Appellant filed a timely motion for reconsideration, which the court denied. This timely appeal ensued. The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court authored its decision. The matter is now ready for our review. Appellant presents two issues for this Court's consideration.

> A. Was the evidence insufficient to support Appellant's conviction for third-degree murder because the Commonwealth failed to disprove that the killing was not committed in the heat of passion where the evidence showed and the Commonwealth argued that Appellant killed the victim while Appellant was in a rage?
>
> B. Did the trial court commit an abuse of discretion by failing to consider Appellant's rehabilitative needs and the fact Appellant had completed several self-improvement courses while incarcerated, in violation of the sentencing code?

Appellant's brief at 3.

We review the sufficiency of the evidence by considering the entire record and all of the evidence admitted at trial. *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We view such evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth. *Id*. When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. *Id*.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Id.* In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id.*

Appellant argues that the evidence shows that he killed the victim in the heat of passion and that he should have been convicted of voluntary manslaughter. In his view, the Commonwealth failed to establish malice. He avers that sufficient provocation for voluntary manslaughter may exist where the cumulative events leading up to the killing cause a sudden and intense passion. In support, Appellant relies on *Commonwealth v. Sullivan*, 820 A.2d 795 (Pa.Super. 2003), and *Commonwealth v. Whitfield*, 380 A.2d 362 (Pa. 1977).

In *Sullivan*, the defendant was actually convicted of voluntary manslaughter and we upheld that conviction. *Sullivan* thus offers no guidance on whether evidence is sufficient for third-degree murder. *Whitfield*, however, did involve a third-degree murder conviction. There, the defendant stabbed her mother's common law husband, killing him. Whitfield alleged that, at most, she should have been convicted of voluntary

manslaughter. Our Supreme Court rejected that argument on the grounds that she did not establish legal provocation. Specifically, the **Whitfield** Court found that the defendant only had trivial arguments with the victim.[1] Hence, that case does not compel reversal herein.

We add that the trial court in its opinion noted that Appellant did not argue at trial that he committed the killing in the heat of passion. Rather, Appellant argued that even if the Commonwealth's evidence was believed, he acted in imperfect self-defense and that at most he was guilty of involuntary manslaughter.[2] Accordingly, we find Appellant's position that he should have been found guilty of voluntary manslaughter waived. Moreover, for the reasons outlined by the trial court, at pages four through six of its opinion, the evidence was sufficient to support Appellant's third-degree murder conviction.

Appellant's second issue relates to the discretionary aspects of his sentence. To adequately preserve a discretionary sentencing claim, the defendant must present the issue in either a post-sentence motion or raise the claim during the sentencing proceedings. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Further, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b)

---

[1] The Commonwealth has failed to file a timely brief in this matter.

[2] Current counsel did not represent Appellant at trial.

concise statement and a Pa.R.A.P. 2119(f) statement." ***Id***. Importantly, "There is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Id***. "[A]n appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Id.***

Appellant preserved his issue in his post-sentencing motion, 1925(b) concise statement, and included a Pa.R.A.P. 2119(f) statement within his brief. Therein, he asserts, that the sentencing court failed to consider the factors delineated in 42 Pa.C.S. § 9721(b), and did not take into account his rehabilitative needs. Appellant maintains that he had prior record score of zero, and he successfully completed education and vocational training while he was previously incarcerated for this case. According to Appellant, the sentencing court did not mention anything about Appellant's rehabilitative needs. Thus, he submits that he has presented a substantial question for our review.

We agree that Appellant's issue presents a substantial question that the sentence was not appropriate under the sentencing guidelines. ***See Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa.Super. 2003). However, we find that he is not entitled to relief. Appellant relies on ***Commonwealth v. Caraballo***, 848 A.2d 1018 (Pa.Super. 2004), *vacated*, 933 A.2d 650 (Pa. 2007), in support of the merits of his position. In this regard, Appellant argues that it is insufficient for a sentencing court to

review the presentence report and state that the crime was horrendous. Appellant contends that the sentencing court's pronouncement that it considered all of the information presented was insufficient. According to Appellant, the sentencing court did not place its reasons for its sentence on the record. Appellant continues that he presented numerous mitigating factors; specifically that he achieved his GED and received additional educational and vocational training while incarcerated. Since, in Appellant's view, the court did not consider these facts, his sentence must be vacated.

We consider the merits of a discretionary sentencing challenge under an abuse of discretion standard. *Commonwealth v. Stokes*, 38 A.3d 846, 858 (Pa.Super. 2011). Our review is also dictated by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa.Super. 2009). Section 9781(c) provides in relevant part:

> (c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

Concomitantly, in considering the record we examine:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d); *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa.Super. 2013). Furthermore, we are aware that pursuant to 42 Pa.C.S. § 9721(b):

the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

We begin by pointing out that the *Caraballo* decision relied on by Appellant was vacated by our Supreme Court in light of *Commonwealth v.*

**Walls**, 926 A.2d 957 (Pa. 2007). Thus, that decision has no precedential value. Additionally, in **Caraballo** the sentencing court imposed a sentence well outside the aggravated range for the crimes charged. Here, the sentencing court imposed a guideline range sentence.[3] Only where the sentence is clearly unreasonable will we vacate. **Cf**. **Walls**, **supra**; 42 Pa.C.S. § 9771(c)(2).

We decline to find Appellant's sentence clearly unreasonable. The court had the aid of a presentence investigation and is presumed to have considered that report. **Dodge**, **supra**. The court noted that it considered all of the information presented, including Appellant's mitigation evidence. Further, in its opinion, the sentencing court set forth that it considered Appellant's rehabilitative efforts but "the fact that [Appellant] had numerous infractions while incarcerated outweighed any efforts he expended in rehabilitating himself." Trial Court Opinion, 3/7/14, at 8. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

_____

[3] The guideline range for third-degree murder includes the statutory maximum of twenty to forty years. Appellant's sentence was below that range.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2014

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :     NO. CP-51-CR-0704341-2003

            : 

        VS.                : 

JAMES E. SATTERTHWAITE         : 

**FILED**

MAR 0 7 2014

Criminal Appeals Unit
First Judicial District of PA

OPINION

## PROCEDURAL HISTORY

Defendant, James E. Satterthwaite, was charged with, *inter alia*, murder, criminal conspiracy, carrying firearms without a license, carrying as firearm on a public street, and possessing an instrument of crime, generally. These charges were lodged against defendant as a result of an incident that occurred on March 24, 2002, during which appellant shot and killed Norman Simon during an argument.

Appellant was first tried in tried in July of 2004, before the Honorable Katherine Streeter Lewis and was convicted of third-degree murder and carrying as firearm on a public street. Appellant, who thereafter received a state sentence of incarceration, filed a direct appeal to the Superior Court, which on July 13, 3005, issued a memorandum and order affirming the judgment of sentence. Commonwealth v. Satterthwaite, 2758 EDA 2004. A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on December 28, 2005, Id, 415 EAL 2005.

1

EXHIBIT A.

After his petition for allowance of appeal was denied, defendant filed a timely petition pursuant to the Post-Conviction Relief Act. 42 Pa.C.S. § 9541 *et seq.* Said petition was assigned to the Honorable Benjamin Lerner, Judge of the Court of Common Pleas for disposition. Judge Lerner granted the petition on February 6, 2009, and awarded defendant a new trial. The Commonwealth unsuccessfully appealed to the Superior Court, which, on October 7, 2009, affirmed Judge Lerner's order. Commonwealth v. Satterthwaite, 679 EDA 2009. A subsequent petition filed by the Commonwealth was denied by the Supreme Court on July 27, 2011. (582 EAL 2010).

The matter was then assigned to this Court for trial. After defendant waived his right to a jury trial, his trial commenced on January 22, 2013. At the conclusion of the trial, this Court convicted defendant of third-degree murder and carrying a firearm on a public street Sentencing was deferred until May 31, 2013, on which date this Court imposed concurrent sentences of eighteen to thirty-six years' and two and one-half to five years' incarceration on the third-degree murder and weapons offenses respectively.

Following the imposition of sentence, defendant filed a motion for reconsideration of sentence. On June 25, 2013, this Court denied that motion after which defendant filed a notice of appeal as well as a requested Pa.R.A.P. 1925(b) statement.

FACTS

On March 24, 2002, at approximately 2:00 a.m., defendant, the victim, and someone named Roman were together when defendant and the victim began arguing about defendant's use of Mr. Simon's car. Mr. Noel Towles was standing at the corner of Hoops and Fallon Streets in Philadelphia and witnessed the argument. Towles knew defendant and the victim and

2

indicated that defendant "rented" the victim's car and used it to sell drugs. As defendant and the victim argued, Towles heard defendant tell the victim that he was not going to give the victim any more drugs and that he was not going to use the victim's car anymore.

The argument between the two men soon became physical and defendant and the victim exchanged shoves. Defendant then withdrew a firearm from his pants pocket and fired five shots, two of which struck the victim killing him.[1] Defendant then fled the scene of the incident in a vehicle.

## DISCUSSION

In his 1925(b) statement, defendant first asserts that the evidence was insufficient to sustain his conviction of Third-Degree Murder. Specifically, defendant asserts that the Commonwealth failed to disprove that the killing was not committed in the heat of passion because even the prosecutor conceded during his closing speech that defendant acted in a fit of rage when he shot the victim. (N.T. 1/28/13, 23).

In assessing the sufficiency of evidence, the court must view the evidence in the light most favorable to the verdict winner – in this case, the Commonwealth. Commonwealth v. Boczkowski, 846 A.2d 75, 80 (Pa. 2004). Both direct and circumstantial evidence, along with all reasonable inferences arising therefrom from which the finder of fact could properly have based its verdict, must be accepted as true and sufficient to support the challenged conviction. Commonwealth v. Perez, 931 A.2d 703, 706-7 (Pa. Super. 2007); Commonwealth v. Johnson,

---

[1] At the second trial, Mr. Towles repeatedly disavowed his previous testimony as well as what was contained in his statement to police. Previously, Towles identified defendant as the man he saw arguing with the victim and the person who shot him. While on direct examination, Mr. Towles claimed that his earlier statements and testimony were products of police coercion. When confronted with his prior statement and testimony by the District Attorney, Mr. Towles stated that "if that's what was written, then that's what I told them" (N/T p. 74 1/22/2013).

719 A.2d 788 (Pa. Super. 1998), *appeal denied*. The finder of fact may believe all, part, or none of the evidence regarding the question of whether reasonable doubt existed, and the facts and circumstances need not be incompatible with the defendant's innocence. Commonwealth v. Derr, 841 A.2d. 558, 559 (Pa. Super. 2004). An appellate court may only award a new trial if the evidence was so unreliable and contradictory that it would be incapable of supporting a guilty verdict. Commonwealth v. Karkaria, 625 A.2d 1167, 1167 (Pa. 1993).

"Third-degree murder is established when a killing is committed with malice aforethought, but without specific intent." 18 Pa.C.S. § 2502(a), (c); Commonwealth v. Solano, 906 A.2d 1180, 1190 (Pa. 2006) (citation omitted). Malice is the distinguishing factor between murder and manslaughter and consists of a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." Commonwealth v. Young, 431 A.2d 230, 232 (Pa. 1981). Malice may be found to exist not only in an intentional killing, but also where the perpetrator "consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm." Id. (citation omitted).

When a person kills another either under the mistaken belief that deadly force was necessary to save his life or under "a sudden and internal passion resulting from serious provocation" by the victim, the killing is without malice and the crime committed is voluntary manslaughter. See 18 Pa.C.S. § 2503[2]; Commonwealth v. White, 424 A.2d 1296, 1297 (Pa.

---

[2] 18 Pa.C.S. § 2503 provides, in pertinent part:

(a) GENERAL RULE. -- A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

4

1981) ("Voluntary manslaughter is killing committed without malice, in the heat of passion or under unreasonable belief that it was justified.").

A person is guilty of "heat of passion" voluntary manslaughter "if at the time of the killing [he or she] reacted under a sudden and intense passion resulting from serious provocation by the victim." Commonwealth v. Ragan, 743 A.2d 390, 396 (Pa. 1999). "'Heat of passion' includes emotions such as anger, rage, sudden resentment or terror which renders the mind incapable of reason." Commonwealth v. Mason, 741 A.2d 708, 713 (Pa. 1999). An objective standard is applied to determine whether the provocation was sufficient to support the defense of "heat of passion" voluntary manslaughter. Commonwealth v. Laich, 777 A.2d 1057, 1066 (Pa. 2001). "The ultimate test for adequate provocation remains whether a reasonable man, confronted with this series of events, became impassioned to the extent that his mind was incapable of cool reflection." Commonwealth v. Thornton, 431 A.2d 248, 252 (Pa. 1981). The Supreme Court of Pennsylvania has indicated that both passion and provocation must be established, and that "if there be provocation without passion, or passion without a sufficient cause of provocation, or there be time to cool, and reason has resumed its sway, the killing will be murder." Commonwealth v. Hutchinson, 25 A.3d 277, 315 (Pa. 2011). (quoting Commonwealth v. Barnosky, 258 A.2d 512, 515 (Pa. 1969)).

---

(1) the individual killed; or

(2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

(b) UNREASONABLE BELIEF KILLING JUSTIFIABLE. -- A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this time, but his belief is unreasonable.

5

Instantly, while the prosecution argued that defendant was in a rage when he killed the victim, the evidence presented at trial indicated that any such rage emanated from a mere argument and a minor tussle between defendant and the victim over the use of the victim's car. Rage emanating out of a mere dispute is not sufficient to render a person incapable of cool reflection. In Hutchinson, supra, the Supreme Court found that evidence showing that the victim and Hutchinson were arguing when the murder occurred was insufficient to establish adequate provocation to reduce murder to manslaughter even where there were other factors present. In addition, the fact that defendant may have been angry with the victim on account of the dispute over the use of the victim's car and that the two men were arguing and the victim may have pushed defendant is not the type of anger society recognizes as sufficient to reduce murder to manslaughter. See Commonwealth v. Cartagena, 416 A.2d 560 (Pa. Super. 1979) (holding that fact that victim punched defendant insufficient to dispel conclusion that defendant acted with malice). Accordingly, it is suggested that relief be denied with respect to this claim.[3]

Defendant next asserts that this Court committed an abuse of discretion by imposing an excessive sentence. In addition, defendant alleges that this Court failed to consider defendant's rehabilitative needs as well as his efforts in improving himself while incarcerated.

When sentencing an individual convicted of a crime, a Court must consider the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. 18 Pa.C.S. § 9721(b). Here, the sentence imposed on the defendant's third-degree murder conviction was within the standard range of the applicable Sentencing Guidelines, so the Superior Court is required to affirm unless

---

[3] It is noted that defendant did not argue at trial that the killing was committed in the heat of passion and other than the argument presented by the prosecutor, there was no evidence upon which such a claim could be predicated.

6

it finds that the guidelines were clearly applied unreasonably. 42 Pa.C.S. § 9781(c);[3] see also Commonwealth v. Walls, 926 A.2d 957 (Pa. 2007). The standard of review is whether the sentencing court abused its discretion, which requires more than an error in judgment; the record must show that "the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Commonwealth v. Smith, 673 A.2d 893, 895 (Pa. 1996). A sentencing court may commit an abuse of discretion if it considers improper factors when determining the sentence. Commonwealth v. McAfee, 849 A.2d 270 (Pa. Super. 2004) (citing Commonwealth v. Archer, 722 A.2d 203 (Pa. Super. 1998)). The Pennsylvania Supreme Court has subsequently stated, though, that if the sentencing court relies on an improper factor but also offers other, proper reasons for its sentencing decision, it should be affirmed. Smith, 673 A.2d at 896-97.

Regarding defendant's claim that the sentence was excessive, the law provides that a mere claim alleging that a sentence is excessive does not raise a substantial question for review. See Commonwealth v. Harvard, 64 A.3d 690, 701 (Pa.Super.2013) (stating, "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim [ ]"). A defendant must establish that the sentence imposed is excessive given the facts of the case and the criminal conduct underlying the conviction. Commonwealth v. Dodge, 77 A.3d 1263, 1271 (pa. Super. 2013).

---

[3] Section 9781(c) states:
(c) Determination On Appeal.-- The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
  (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
  (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
  (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.
42 Pa.C.S. § 9781(c).

Instantly, no relief is due on defendant's excessive sentencing claim. Apart from the fact that defendant has failed to state why he believes that the sentence is excessive under the circumstances, in deciding upon the sentence ultimately imposed on defendant, this Court reviewed the evidence adduced at trial, the statutory maximum and the applicable guidelines range of 90 to 240 months, plus or minus twelve months, and the pre-sentence reports prepared for this matter as well as the underlying criminal conduct.[4] Having conducted this review this court determined that a significant sentence was warranted given that defendant shot the unarmed victim after a minor dispute and that while incarcerated, defendant had numerous infractions thereby demonstrating that he had difficulty in following the rules. (N.T. 5/31/13, 11-12). Accordingly, it is respectfully recommended that defendant's excessive sentencing claim be denied.

Regarding defendant's claim that this Court did not consider his rehabilitative needs, as noted in the discussion of the previous issue, this Court considered numerous factors, including appellant's actions and behavior while incarcerated. Where the sentencing court had the benefit of a pre-sentence investigation report, the law presumes that the court was aware of and weighed relevant information regarding a defendant's character and any mitigating factors. Commonwealth v. Tirado, 870 A. 2d. 362 (Pa. Super. 2005).

In addition, in this Court's view, the fact that defendant had numerous infractions while incarcerated outweighed any efforts he expended in rehabilitating himself. Having considered all relevant factors, this Court complied with the law and defendant's claim should be deemed

---

[4] Defendant had a prior record score of zero. In calculating the applicable guidelines ranges this Court noted that the offense gravity for third-degree murder is fourteen, and that the deadly weapon used enhancement applied. See 204 Pa. Code § 303.15.

8

lacking in merit. <u>Commonwealth v. Zurburg</u>, 937 A.2d 1131, 1136 (Pa. Super. 2007) (holding that claim that sentencing court erred by not considering defendant's rehabilitative needs was without merit because court considered all relevant factors in deciding upon a sentence).

<u>CONCLUSION</u>

For the foregoing reasons, defendant's assertions of error should be dismissed for lack of merit and the judgment of sentence should be affirmed.

By the Court,

Date: 3/5/14

Honorable Jeffrey P. Minehart

9