J-S77006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  : PENNSYLVANIA
                                  :

            v.                     :
                                  :
                                  :

ABDUL POWELL              :
                                  :

          Appellant         : No. 3780 EDA 2017

Appeal from the Judgment of Sentence November 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011854-2013

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                  **FILED APRIL 23, 2019**

Abdul Powell appeals, *nunc pro tunc*, from the judgment of sentence imposed on November 14, 2014, in the Court of Common Pleas of Philadelphia County, following his non-jury conviction of one count each of aggravated assault, possession of an instrument of crime with intent, simple assault, and reckless endangerment.[1] On November 14, 2014, the trial court sentenced him to 74 to 200 months' imprisonment. On appeal, Powell challenges: (1) the discretionary aspects of his sentence; (2) the trial court's denial of his motion *in limine*; (3) the weight of the evidence; and (4) the sufficiency of the

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 907(a), 2701(a)(1), and 2705, respectively.

evidence underlying his aggravated assault conviction. Based upon the following, we affirm.

The trial court set out the relevant facts and procedural history as follows:

> On June 30, 2013, Niquan Blackson (hereinafter "[Blackson]") was in the area of 1747 Aberdeen Street, Philadelphia, PA, attending a neighborhood block party. [Blackson] had known [Powell] for many years, as they were both from the same neighborhood and had grown up together around that area. [Blackson] arrived at the block party at 2:30 pm and departed, along with [Powell], at 12:30 am to go to a neighborhood bar, Cafe Breezes. After one drink, [Blackson] and [Powell] decided to return to the block party, driving separate cars.
>
> While [Blackson] was driving back from the bar and was stopped at a red light, [Powell] drove around [Blackson's] vehicle and struck [his] passenger side rearview mirror with his vehicle. As a result, [Blackson's] mirror was damaged and hung off the side of [his] vehicle.
>
> Subsequently, [Powell] and [Blackson] got into a heated argument regarding damages to [Blackson's] vehicle. The verbal argument escalated into a physical altercation, during which [Blackson] struck [Powell] first. The fight took place on the sidewalk in front of [Powell's] parked car, and [Powell] had access to both the car and his car keys. However, instead of retreating into his car, [Powell] pulled out a knife and stabbed [Blackson] once in the left-hand side, puncturing [his] spleen and lung.
>
> [Blackson] was rushed by his wife to Lankenau Hospital, where he underwent eight (8) hours of surgery. Although the doctor was unsure if [Blackson's] spleen could be saved, the doctor was more concerned about [his] overall condition as [he] had lost a profuse amount of blood. Fortunately, [Blackson] was able to survive the surgery, whereby [he] spent two (2) weeks recovering in the Intensive Care Unit. Upon leaving the Intensive Care Unit and returning home, [Blackson] returned to the hospital for another

week after complications arose with his bowel movements due to internal bleeding.

Though [Blackson's] physical condition was too critical to make a statement on the day of the incident, Philadelphia Police Detective Mary K[u]chinsky (hereinafter "Detective K[u]chinsky") was able to interview [Blackson] on July 1, 2013.  Detective K[u]chinsky presented a photo array to [Blackson], whereby [he] identified [Powell] by circling [his] photograph.

* * *

On February 28, 2014, [Powell] waived his right to a jury trial and elected to have a bench trial before the Honorable Christopher Wogan.  The trial was bifurcated, whereby on March 26, 2014, [Powell's] motion *in limine* was heard before the Honorable Steven R. Geroff.  Judge Geroff denied the motion *in limine*, whereby [Powell's] trial resumed before Judge Wogan.

On March 26, 2014, [Powell] was found guilty by Judge Wogan of [the aforementioned charges].  Sentencing was deferred until August 18, 2014, whereby [Powell] was sentenced to an aggregate sentence of 76 [to] 198 months of incarceration at a State Correctional Institution, followed by a period of three (3) years of probation.

On August 27, 2014, [Powell] filed a motion for reconsideration of sentence, whereby on November 14, 2014, Judge Wogan granted the motion and altered [Powell's] sentence to 74 [to] 200 months of incarceration at a State Correctional Institution.

On February 3, 2015, [Powell] filed a timely, *pro se* petition under the Post-Conviction Relief Act (hereinafter "PCRA petition").[2] Subsequently, [Powell] filed an amended PCRA petition on March 31, 2016.  On October 17, 2017, [the PCRA court] granted [Powell's] *nunc pro tunc* rights, whereby on November 3, 2017, [Powell] filed the instant notice of appeal, which appeal the Superior Court of Pennsylvania (hereinafter "Superior Court") docketed at 3780 EDA 2017.

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

On April 12, 2018, after a short delay in obtaining transcripts, [the trial court] issued an order directing [Powell] to file a Statement of [Errors] Complained of on Appeal (hereinafter "1925(b) statement"). On April 30, 2018, [Powell] filed said 1925(b) statement. [On May 17, 2018, the trial court issued an opinion.]

Trial Court Opinion, 5/18/2018, at 1-4 (record citations and footnotes omitted).

Powell first contends that his sentence "was unduly harsh and excessive and failed to consider mitigating factors[.]" Powell's Brief, at 8. However, Powell waived this claim.

A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (citation and internal citation omitted). To reach the merits of such a claim, this Court must determine:

(1) whether the appeal is timely; (2) whether [the defendant] preserved [the] issue; (3) whether [the defendant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the

sentencing proceedings.  Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).

In the present case, Powell did file a post-sentence motion challenging his original sentence.   However, on November 14, 2014, the trial court **granted** the motion and imposed a new sentence.   N.T. Motion Hearing, 11/14/2014, at 10.   Powell did not challenge the discretionary aspects of his new sentence during the sentencing hearing or in a post-sentence motion filed within ten days after the imposition of sentence.  **See** Pa.R.Crim.P. 720(A)(1). Thus, Powell waived any challenge to the discretionary aspects of his sentence.[3]

In his second contention, Powell claims that the trial court erred in denying his motion *in limine* to preclude admission at trial of the audio tapes

_____

[3] Even if we were to construe the original post-sentence motion as covering the new sentence, Powell would still have waived his claim.  The only issues he raised in his post-sentence motion were that the court should reduce his sentence because he had full-time employment and serious health issues. Post-Sentence Motion, 8/27/2014, at 1.  He did not raise the claims of harsh and excessive sentence and failure to consider mitigating factors raised herein.  An appellant waives any discretionary aspects of his sentence issue not raised in a post-sentence motion; also, an appellant cannot raise an issue for the first time on appeal.  **See Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not raised in post-sentence motion), *appeal denied*, 831 A.2d 599 (Pa. 2003); **see also** Pa.R.A.P. 302(a).

of two telephone calls. Powell's Brief, at 18. However, again, Powell waived this claim.

Our review of a trial court's ruling on a motion *in limine* is well established:

> When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. A trial court has broad discretion to determine whether evidence is admissible, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Commonwealth v. Belani*, 101 A.3d 1156, 1160 (Pa. Super. 2014) (quotation marks and citations omitted).

Here, Powell sought to preclude admission of the audio tapes of two telephone calls. However, the certified record does not contain either the audio tapes themselves or a transcription of the content of the tapes. While the transcript of the hearing on the motion *in limine* does contain counsels' summarizations of the contents of the tapes that is insufficient, we have no means to test the accuracy of their statements.

Our courts have long held that it is an appellant's responsibility to ensure that the certified record contains all items necessary to ensure that this Court is able to review his claims. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*) (holding that claim that victim's execution of general release barred imposition of restitution was waived where appellant

- 6 -

failed to include release in certified record); *see also Commonwealth v. Brown*, 161 A.3d 960, 968 (Pa. Super. 2017) ("Our law is unequivocal that an appellant bears the responsibility to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."), *appeal denied*, 176 A.3d 850 (Pa. 2017). Without either the tapes themselves or a transcription, it is impossible for this Court to address the merits of Powell's claim that the trial court erred in admitting them. Thus, Powell's second claim fails.

In his third issue, Powell contends that the verdict was against the weight of the evidence. Powell's Brief, at 8. A weight of the evidence claim concedes the sufficiency of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). A weight claim addresses the discretion of the trial court. *Id.* at 752 (citation omitted). On review, the appellate court decides whether the trial court abused its discretion when ruling on the weight claim; it does not consider the underlying question of whether the verdict was against the weight of the evidence. *Id.* at 753. We will only find an abuse of discretion where the verdict is so contrary to the evidence as to shock one's sense of justice. Our review of a challenge to the weight of the evidence supporting the verdict is well-settled:

> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and

must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Rosser*, 135 A.3d 1077, 1090 (Pa. Super. 2016) (*en banc*) (citation omitted), *appeal denied*, 168 A.3d 1237 (Pa. 2017).

Instantly, Powell's weight of the evidence claim is merely a restatement of his sufficiency challenge, which we discuss *infra*. He fails to explain how the verdict was against the weight of the evidence, or in what way the trial court abused its discretion in denying his weight claim. Rather, his argument consists only of his bald allegation that the Commonwealth's testimony negating self-defense was "contradictory and speculative."[4] Powell's Brief, at 22. Conversely, the trial court, in its opinion, discusses, in detail, why it did not find that the Commonwealth's evidence was contradictory. Trial Court Opinion, 5/18/2018, at 7-8. Powell provides us with no basis upon which to disagree. Accordingly, his weight claim fails.

---

[4] At no point in his argument on this issue does Powell ever cite to the record in support of his characterization of the Commonwealth's testimony.

In his final issue, Powell argues that the evidence is insufficient to sustain his conviction for aggravated assault. Powell's Brief, at 23-25. Our standard of review for a claim of insufficient evidence is as follows:

The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary. In assessing [a] sufficiency challenge, we must determine whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

***Commonwealth v. Edwards***, 177 A.3d 963, 969-970 (Pa. Super. 2018) (quotation marks and citations omitted).

The Commonwealth charged Powell with violating 18 Pa.C.S.A. § 2702(a)(1). Specifically, Section 2702 states, in relevant part:

**a) Offense defined.--**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S.A. § 2702(a)(1).

Here, Powell conceded at trial that he caused serious bodily injury to Blackson. N.T. Trial, 2/28/2014, at 75-76. Thus, the Commonwealth did not need to prove specific intent, only that the defendant acted recklessly.

***Commonwealth v. Patrick***, 933 A.2d 1043, 1046 (Pa. Super. 2007) (*en banc*) (citation omitted), *appeal denied*, 940 A.2d 364 (Pa. 2007).

> Where malice is based on a reckless disregard of consequences, it is not sufficient to show mere recklessness; rather, it must be shown the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury. A defendant must display a conscious disregard for almost certain death or injury such that it is tantamount to an actual desire to injure or kill; at the very least, the conduct must be such that one could reasonably anticipate death or serious bodily injury would likely and logically result.

***Commonwealth v. Packer***, 146 A.3d 1281, 1285 (Pa. Super. 2016), *affirmed*, 168 A.3d 161 (Pa. 2017).

In this matter, Powell contends that he acted in self-defense, not recklessly. Powell's Brief, at 24-25. With respect to self-defense, "[t]he use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a).

> When a defendant raises the issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt. While there is no burden on a defendant to prove the claim, before the defense is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of self-defense.

***Commonwealth v. Emler***, 903 A.2d 1273, 1279 (Pa. Super. 2006) (citation omitted).

- 10 -

Powell, in maintaining that he used a knife in a fistfight in self-defense, ignores our standard of review, which requires that we view the evidence in the light most favorable to the Commonwealth as verdict winner, along with all reasonable inferences. Furthermore, the trial judge, as fact finder, passes on the credibility of witnesses and is free to believe all, part or none of their testimony. **See Commonwealth v. Feese**, 79 A.3d 1101, 1119 (Pa. Super. 2013).

Here, the trial judge, as fact finder, specifically rejected Powell's self-defense testimony. Trial Court Opinion, 5/18/2018, at 7-9. Viewing the evidence in the light most favorable to the Commonwealth, the evidence demonstrates that, even though the Commonwealth conceded that Blackson was the aggressor, Powell did not dispute that he was the only person with a weapon or that he responded to fists by stabbing Blackson, puncturing his lung and rupturing his spleen.

Our Supreme Court has held that deadly force is not a justified response to fisticuffs. **Commonwealth v. Mouzon**, 53 A.3d 738, 752 (Pa. 2012) (holding evidence was insufficient to raise jury question about self-defense where victim punched defendant multiple times and defendant shot at him); **Commonwealth v. Jones**, 332 A.2d 464, 466 (Pa. Super. 1974) (holding using knife in response to fistfight is not justified use of deadly force). Moreover, the record demonstrates that Powell, who was on a public sidewalk,

had many opportunities to retreat. ***See Commonwealth v. Gillespie***, 434 A.2d 781, 784 (Pa. Super. 1981) (holding opportunity to retreat existed because, "the fight occurred on a public sidewalk, with several avenues of retreat available."). Thus, our review of the record supports the trial court's finding that the Commonwealth presented sufficient evidence to support the verdict of aggravated assault. The evidence presented by the Commonwealth, particularly that the victim was unarmed and that Powell had the opportunity to retreat, was sufficient to disprove his claim of self-defense beyond a reasonable doubt.

For all the foregoing reasons, we affirm Powell's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/23/19