Judge Mills
delivered the opinion.
Bodley having obtained a decree in the court below, sustaining his entry, a survey was directed on the return of the report, by which the interference was shewn, the question arose between the true and magnetic meridian, or rather between his old line and the present direction of the magnet. The entry of Bodley calls to run from his beginning north, twelve hundred and sixty-four poles and nine-tenths of a pole, and thence east, twenty-five hundred and twenty nine poles and eight-tenths. This line, running cast, produces the interference with the defendants, a considerable distance from the north east angle of the survey. The survey of the defendants is small, when compared to that of Bodley. To run with the true meridian north, and then east, his survey includes ail, oi nearly ail, of the defendant’s land. To run with his old line, somewhat less is included; and to run by the present magnetic line, far less is included than by either of the other modes. The surveyor laid down the survey in each mode, and shewed the different interferences thus produced, together with the variation.
The court below adopted the present magnetic line, and decreed accordingly, disregarding the other modes ofisur veying; to reverse which decree, this writ of error is pro-secured.
If the true meridian was the true position, which ought to have been given to the original survey, it is evident, that *22 Bodley ean have no. claim to rim to that line, because Ms old survey did noi go to it, and he cannot be entitled tost decree for.any land which bis ancient survey did not include, if, however, the magnetic line, at the date of the entry , is to govern, as was intimated by this court in the case of Vance against Marshall, 3 Bibb, 148, then his old line may set up a formidable claim, when opposed by the present magnetic line; and if his ancient survey was, made accords ing to that line, no good reason can be given why he should not be allowed to recover to it. It seems evident, from the facts in the cause, that the old line is truly shewn from A. to ¡ 4 running north, and that the line east from 14 to 2f is at right angles thereto- it is proved that Tebbs, in the year i 784, started from the beginning and made a considerable part of the survey; but from some cause or other, not explained, did not finish it. in the year 1796, Pay ne made the survey, and swears that in doing so he pursued the old marked line, then existing on the ground, and according to them, the survey has been reported in this cause. To impeach this, the defendant’s counsel caused the survey-t0 sundry declarations of Payne, the original sur-vey°r- The report of the purveyor is not evidence of these statements, nor can it prove that these statements were cver made, ft is true, that the report of a surveyor, made un^er an on*eF ‘n a eauset,s evidence; but it is only so with regard to such facts as he can report officially; such as the existence of objects found by him existing on the ground^ and their identity as shewn to him by others. But he is not authorised to report the sayings and doings of others, touch-, ing the merits of the controversy, and thereby introduce them into the cause as good evidence. The same maybe said with regard to his reporting the acts of Fulton, another surveyor, and the fact stated by him, that the compass which be used in making this survey, was the same which made the original. These facts must be disregarded in giving a decision in this canse It is plain that the old line run in 1784, only one year after the entry was made, varied eastwardly from the true meridian. It is also shewn that the variation has progressed still more eastwardly since; for the present magnetic line presents a still greater variation. As it was usual in this country to make original surveys by the magnetic meridian, as is evidenced by most of the plats and certificates, and numerous resurveys which have tome before ibis court, we think it fair to presume, in addition to ? *23 the facts already stated, that the line of 1784 carné nearei* the magnetic line at the time the entry was made, than a-* nv other; and this having been adopted by the surveyor* Pavne, when he completed the survey, we conceive that Bodley ⅛ entitled to the full benefit of this line now; and that the court Qught to have decreed in his favor aceordiag to that position given on the plat, as the one which he, at least, was entitled to.
A evl’oncers'3 to fists he car, officially no^cvFen e as to extra-nenas matter,
Bibb for appellant.
The decree below must therefore he réversed with costs, and directions are given to enter it there according to the position of the survey adopted by this opinion,