**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3330
_____

DARYL COOK,
                              Appellant
v.

SUPERINTENDENT COAL TOWNSHIP SCI; DISTRICT ATTORNEY
PHILADELPHIA; ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cv-02206)
District Judge: Honorable Edward G. Smith
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2024
_____

Before: KRAUSE, RESTREPO, and MATEY, *Circuit Judges*

(Filed: July 11, 2024)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**MATEY**, *Circuit Judge*.

Daryl Cook was convicted of third-degree murder. Because a rational jury could find that Cook did not act in self-defense, we will affirm the District Court's decision denying his petition for a writ of habeas corpus.

## I.

Robert Daniels was stabbed in his Philadelphia apartment during an altercation with Cook and another man, Andrew Williams. Williams initially told the police he stabbed Daniels but later revised his story and said Cook killed Daniels. After his arrest, Cook confessed to stabbing Daniels. But at his trial, Cook argued that Williams was actually the killer. Alternatively, Cook argued that, if the jury found that he stabbed Daniels, they should also find that he acted in self-defense. The jury convicted Cook of third-degree murder, and his conviction was affirmed on appeal.[1] After exhausting his state remedies, Cook filed this petition, arguing the trial evidence was insufficient to support his conviction because the Commonwealth failed to prove malice (as required for third-degree murder convictions) and, alternatively, failed to disprove self-defense. The District Court denied Cook's petition, and we granted a Certificate of Appealability "with respect to Cook's claim challenging the sufficiency of the evidence against him for his third-degree murder conviction." App. 39–40.[2]

---

[1] *See Commonwealth v. Cook*, No. 2712 EDA 2010, 2014 WL 10965084 (Pa. Super. Ct. Mar. 21, 2014); *Commonwealth v. Cook*, 99 A.3d 75 (Pa. 2014) (unpublished table decision) (denying Cook's petition for review).

[2] The District Court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review is plenary. *Kennedy v. Superintendent Dallas SCI*, 50 F.4th 377, 381 (3d Cir. 2022).

2

**II.**

A petitioner challenging a state criminal conviction under 28 U.S.C. § 2254 is entitled to relief only if "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). We look to state law to determine the elements of the charged offense. *See id.* n.16. When the defendant raises an affirmative defense that negates an element of the crime, the prosecution must disprove the defense as well. *See Smith v. United States*, 568 U.S. 106, 110 (2013).

Under Pennsylvania law, a self-defense claim requires evidence establishing: 1) the defendant "reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm"; 2) the defendant "was free from fault in provoking the difficulty which culminated in the slaying"; and 3) the defendant "did not violate any duty to retreat." *Commonwealth v. Mouzon*, 53 A.3d 738, 740 (Pa. 2012) (internal quotation marks and citation omitted). If the prosecution can disprove at least one of these elements beyond a reasonable doubt, the self-defense claim is negated. *See Commonwealth v. Burns*, 416 A.2d 506, 507 (Pa. 1980).

Cook cannot meet his burden to show the jury's verdict lacked a rational basis. First, a rational jury could conclude that Cook violated his duty to retreat. The Superior Court found that "the record establishe[d] [Cook] could have retreated once he gained control of the knife" but instead stabbed Daniels, violating his duty to retreat. *Commonwealth v. Cook*, No. 2712 EDA 2010, 2014 WL 10965084, at *6 (Pa. Super. Ct.

3

Mar. 21, 2014) (citation omitted). This finding is subject to deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), so Cook must show that the Superior Court's decision was "objectively unreasonable" to obtain habeas relief. *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) (internal quotation marks and citations omitted); *see also* § 2254(d). Cook has made no such showing.

As a trespasser in Daniels's home, Cook had a duty to retreat "if the retreat c[ould] be performed safely." *Commonwealth v. Yanoff*, 690 A.2d 260, 264 (Pa. Super. Ct. 1997). No matter how the fight began, Cook and Williams's statements agree that Cook disarmed Daniels before Daniels was stabbed. Indeed, Cook recounted in his statement to the police that he "was able to get the knife away from the old man" before he "stabbed him twice in the stomach." App. 422. Based on these statements, the jury could have reasonably concluded that Cook could have safely exited the residence, particularly since Cook suffered only minor injuries. This conclusion would have been especially reasonable because Cook was younger, taller, and heavier than Daniels. The Superior Court's conclusion that Cook violated his duty to retreat was therefore not objectively unreasonable.

Second, a rational jury could conclude that Cook's use of force was unreasonable.[3] A medical investigator testified Daniels was unarmed when he was stabbed and that several of Daniels's wounds resembled defensive injuries. *See Commonwealth v. Smith*, 97 A.3d 782, 788 (Pa. Super. Ct. 2014) (noting that "whether [a] complainant was

---

[3] The Superior Court did not reach the use-of-force issue, so no AEDPA deference is warranted on that point.

4

armed" is a relevant factor "when determining the reasonableness of a defendant's belief that the use of deadly force was necessary to protect against death or serious bodily injuries"). Cook was both younger, taller, and heavier than Daniels; such "size and strength disparities" are relevant when determining whether the defendant's belief that deadly force was necessary was reasonable. *Id.* And expert testimony indicated that both of Daniels's stab wounds were deep in his chest, with one wound piercing a lung and the other penetrating the other lung and his heart, which a reasonable juror could have viewed as unnecessary in light of the evidence that Daniels, a smaller and older man, was unarmed when Cook stabbed him. A reasonable juror could also have found Cook's conduct after the stabbing, including his immediate flight from the scene and his attempt to get rid of the murder weapon, to be suspicious and indicative of guilt.

Cook argues that his own injuries from the fight show a reasonable fear of serious bodily harm. But we cannot reweigh the evidence the jury evaluated. *See United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc).

* * *

For these reasons, we will affirm the District Court's judgment.

5